COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Humphreys and Powell
Argued at Richmond, Virginia


JUWON DESMOND JENKINS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0238-08-2                      JUDGE CLEO E. POWELL
                                                    DECEMBER 23, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AMELIA COUNTY
Thomas V. Warren, Judge

William P. Irwin, V (Bowen, Champlin, Carr, Foreman &
Rockecharlie, on brief), for appellant.

Leah A. Darron, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


        A jury convicted Juwon Desmond Jenkins ("Jenkins") of one count of burglary while

armed, in violation of Code § 18.2-90, three counts of robbery while armed, in violation of Code

§ 18.2-58, two counts of attempted robbery while armed, in violation of Code §§ 18.2-58 and

18.2-26, five counts of abduction, in violation of Code § 18.2-47, three counts of grand larceny,

in violation of Code § 18.2-95, and ten counts of use of a firearm while committing or attempting

to commit robbery, in violation of Code § 18.2-53.1.  On appeal, Jenkins argues that he was

denied due process when the Commonwealth was allowed to present evidence on rebuttal that

contradicted the evidence the Commonwealth presented during its case-in-chief.  Jenkins never

made a due process argument in the trial court, however, and he cannot do so for the first time on

appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

# I. BACKGROUND

At trial, the Commonwealth presented a number of witnesses identifying Jenkins as one of the perpetrators of a home invasion. Although the witnesses gave similar accounts of the home invasion, a discrepancy arose regarding the actual date of the crime. Two of the Commonwealth's witnesses testified that the home invasion occurred on December 19, 2006; meanwhile another witness testified the crime occurred "sometime in December, around the 19th."

After the Commonwealth rested its case, Jenkins presented alibi evidence establishing that he was babysitting his daughter on the evening of December 19, 2006. In its rebuttal, the Commonwealth called the detective who investigated the home invasion. The detective testified without objection that he responded to the home invasion during the early morning hours of December 19, thus implying that the crime actually occurred prior to the time that Jenkins claimed to have an alibi.

After the case had been submitted to the jury, Jenkins' counsel made a motion to dismiss. Jenkins' counsel argued that "[t]he indictments all allege [the home invasion] occurred . . . on or about December 19th. Now the Commonwealth is arguing that this occurred on or about the 18th or 19th." The motion was denied. The jury subsequently found Jenkins guilty on all counts.

# II. ANALYSIS

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18.

On appeal, Jenkins argues that he was denied due process when the Commonwealth was allowed to present evidence on rebuttal that contradicted the evidence presented during its

- 2 -

case-in-chief. At trial, however, Jenkins neither objected to the rebuttal testimony of the detective nor did he raise a due process argument during his motion to dismiss. As this Court has often said:

> As a precondition to appellate review, Rule 5A:18 requires a contemporaneous objection in the trial court to preserve the issue on appeal. Not just any objection will do. It must be both *specific* and *timely* -- so that the trial judge would know the particular point being made in time to do something about it.

Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742 (2005) (emphasis in original).

By neither making a contemporaneous objection nor raising the due process argument at trial, Jenkins never gave the trial court an opportunity to rule on the matter. "The appellate court, in fairness to the trial judge, should not . . . put a different twist on a question that is at odds with the question presented to the trial court." Commonwealth v. Shifflett, 257 Va. 34, 44, 510 S.E.2d 232, 237 (1999). Among the "salutary purposes of our contemporaneous objection rule" is to give the trial judge "a fair opportunity to rule intelligently on objections while there is still an opportunity to correct errors in the trial court" and to "protect the trial court from litigants asserting error on appeal that had not been raised at trial." Vasquez v. Mabini, 269 Va. 155, 163, 606 S.E.2d 809, 813 (2005) (citation omitted).

## III. CONCLUSION

Rule 5A:18 bars our consideration of this question on appeal. Therefore, the decision of the trial court is affirmed.

Affirmed.